**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mary Diane Corbett, Appellant,

v.

Christopher Arthur Corbett, Respondent.

Appellate Case No. 2011-202090

Appeal From Dillon County
Michael S. Holt, Family Court Judge

Unpublished Opinion No. 2013-UP-019
Submitted December 3, 2012 – Filed January 16, 2013

**AFFIRMED**

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City; and James M. Saleeby, Sr., of Florence, for Appellant.

Nancy H. Bailey, of Law Office of Nancy H. Bailey, of Florence, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Jenkins v. Jenkins*, 345 S.C. 88, 98, 545 S.E.2d 531, 537 (Ct. App. 2001) (holding nonmarital property may be transmuted into marital property if the

parties use the nonmarital property in support of the marriage or in a way that evidences the parties' intent to make it marital property); *id.* ("Transmutation is a matter of intent to be gleaned from the facts of each case."); *id.* ("The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage."); *Murray v. Murray*, 312 S.C. 154, 157, 439 S.E.2d 312, 315 (Ct. App. 1993) (holding "the mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation"); *id.* at 158, 439 S.E.2d at 315 (holding the house was not transmuted into marital property when the wife "failed to produce evidence that any appreciable amount of marital funds was expended on improvement of the properties" and the wife's efforts "were largely routine duties such as cleaning and painting").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.